# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTOREY DANYELL HARPER, Military Leader UNI Star General,<br><br>Plaintiff,<br><br>v.<br><br>FED EX, SAN DIEGO, SAN DIEGO POLICE DEPARTMENT, FBI, US, UN<br><br>Defendants. | Case No.: 3:17-cv-01070-GPC-MDD<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S REQUEST TO PROCEED IN FORMA PAUPERIS**<br><br>**AND**<br><br>**(2) DISMISSING PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)** |

On May 23, 2017, Plaintiffs Montorey Danyell Harper ("Plaintiff" or "Harper"), proceeding *pro se*, filed a Complaint against Fed Ex, the City of San Diego, the San Diego Police Department, the Federal Bureau of Investigation ("FBI"), the United States

of America, and the United Nations (collectively, "Defendants").[1] (Dkt. No. 1.) Plaintiff concurrently filed a motion to proceed *in forma pauperis* ("IFP"). (Dkt. No. 2.) For the reasons set forth below, the Court **DENIES** Plaintiff's motion to proceed *in forma pauperis* and **DISMISSES** Plaintiff's Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for lack of subject matter jurisdiction.

## DISCUSSION

### I. Motion for Leave to Proceed *In Forma Pauperis*

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[2] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). The plaintiff must submit an affidavit demonstrating his inability to pay the filing fee, and the affidavit must include a complete statement of the plaintiff's assets. 28 U.S.C. § 1915(a)(1). The facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). When a plaintiff moves to proceed IFP, the court first "grants or denies IFP status based on the plaintiff's financial resources alone and then independently determines whether to dismiss the complaint" pursuant to 28 U.S.C. § 1915(e)(2) ("§ 1915(e)(2)"). *Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984). IFP status may be acquired and lost during the course of litigation. *Wilson v. Dir. of Div. of Adult Insts.*, No. CIV S–06–0791, 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009) (internal citation omitted).

---

[1] Although Montorey, LLC is listed as a Plaintiff in the Complaint, (Dkt. No. 1 at 2), a review of the Complaint and Harper's application to proceed *in forma pauperis* suggests that Harper is the sole Plaintiff in this case.

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2016)). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

2

Here, Plaintiff has supplied an affidavit in support of his application to proceed *in forma pauperis*. (Dkt. No. 2.) Plaintiff declares that his average monthly income amount during the past twelve months totaled to approximately $4231. (*Id.* at 2.) Plaintiff has $50 in cash and $830 in the form of a pre-paid debit card. (*Id.*) Plaintiff's monthly income exceeds his total monthly expenses, which amount to $3125. (*Id.* at 5.)

The Court concludes that Plaintiff can afford the $400 filing fee. Accordingly, the Court **DENIES** Plaintiff's request to proceed *in forma pauperis*.

## II. *Sua Sponte* Screening

A complaint filed by any person proceeding IFP, pursuant to 28 U.S.C. § 1915(a), is additionally subject to mandatory *sua sponte* screening. The Court must review complaints filed by all persons proceeding IFP and must *sua sponte* dismiss any complaint, or any portion of a complaint, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all

3

3:17-cv-01070-GPC-MDD

allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

However, while the court "ha[s] an obligation where the Plaintiff is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the Plaintiff the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled," *Ivey v. Bd. of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Moreover, the federal court is one of limited jurisdiction. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007). It possesses only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). It is constitutionally required to raise issues related to federal subject matter jurisdiction and may do so *sua sponte*. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–94 (1998); *see Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

Here, Plaintiff's Complaint is defective in multiple respects. The entirety of Plaintiff's Complaint is as follows:

> THE CITY OF SAN DIEGO AND SAN DIEGO POLICE DEPARTMENT COULD HAVE PREVENTED THE ASSAULT, THE LOCATION INSIDE THE STORE, A BALL WAS ROLLED TO HIT THE PLAINTIFF IN THE FOOT. SAN DIEGO HAS A NUMBER OF COMPLAINTS AND ENOUGH COMPLAINTS TO HAVE PREVENTED THE ASSAULT. BOTH THE CITY AND THE POLICE DEPARTMENT. FEDEX DOES NOT ALLOW ROLLING OF BALLS ECT [SIC], SO IT WAS THE CITY AND THE POLICE DEPARTMENT WHO CHOULD HAVE PREVENTED THE ASSAULT. NO EMPLOYEES INSTRUCTED THOSE IN THE STORE ROLLING BALLS ECT [SIC] TO STOP THEREFORE LIABILITY IS WITH FEDEX AS WELL FEDEX IS AT FAULT. THE LAWSUIT THE PLAINTIFF HAD WAS ALSO HIT SO THE LAWSUIT WAS ASSAULTED AND THAT IS ALSO A LIABILITY, SAN DIEGO KNEW. CONSPIRACY SURROUNDS THE ASSAULT BECAUSE IT INCLUDES FEDEX LIABILITY. FRAUD CENTERS AROUND THE

COMPLAINT BECAUSE IT SURROUNDS THE US, THE UNITED STATES OF AMERICA. THE PLAINTIFF HAS A NUMBER OF SUITS SINCE THE SUITS WERE HIT THEN THE CONSPIRACY AND THE FRAUD IS ALLOWED.

(Dkt. No. 1 at 2.)

Although unclear, Plaintiff's Complaint appears to center on an alleged tort ("a ball was rolled to hit the Plaintiff in the foot") which occurred within a Fed Ex store. (Dkt. No. 1 at 2.) A number of problems plague Plaintiff's Complaint. First, Plaintiff fails to state a claim against Defendants the United States, the FBI, and the United Nations. Beyond ambiguous allegations that "fraud . . . surrounds the US," (*id.*), Plaintiff has not alleged how the United States, the FBI, and the United Nations were involved in perpetrating the allegedly wrongful conduct underlying Plaintiff's Complaint. Second, as for Plaintiff's claim against the remaining Defendants, Plaintiff does not provide any allegations of the circumstances surrounding the "ball rolling" incident—the Complaint does not even specify who committed the allegedly tortious act. Third, even liberally construing Plaintiff's claim as a tort claim, the Court lacks original jurisdiction to entertain Plaintiff's state law claim. *See* 28 U.S.C. § 1331. Nor has Plaintiff alleged any information showing that the Court has diversity jurisdiction in this case. 28 U.S.C. § 1332. Moreover, Plaintiff's Complaint cannot be construed to allege a 42 U.S.C. § 1983 claim, as Plaintiff does not allege a deprivation of a right protected by the Constitution or created by federal statute. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

The Court **DISMISSES** Plaintiff's Complaint, because the Court lacks jurisdiction to entertain Plaintiff's state law claim, and because Plaintiff's Complaint is frivolous and fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).[3]

/ / / /

/ / / /

---

[3] Because Plaintiff does not specify whether he intends to seek monetary relief, the Court does not reach the question of whether the Defendants are immune from monetary relief.

# CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion to proceed *in forma pauperis* and **DISMISSES** Plaintiff's Complaint for lack of subject matter jurisdiction and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS SO ORDERED.**

Dated: June 12, 2017

Hon. Gonzalo P. Curiel
United States District Judge